UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARLENE VLASTELICA, on behalf of herself and all others similarly situated, ) ) ) Plaintiff, ) ) ) v. ) ) MIDLAND CREDIT MANAGEMENT, INC., ) MIDLAND FUNDING, LLC, and ENCORE ) CAPITAL GROUP, INC., ) ) Defendants. ) | Case No. 18-cv-07161<br><br>Hon. John Z. Lee<br><br>Magistrate Judge Jeffrey T. Gilbert |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**

Plaintiff, Darlene Vlastelica, by and through her attorneys, The Law Office of M. Kris Kasalo, Ltd, respectfully moves this Court pursuant to Fed. R. Civ. P. 12(f) to strike Defendants' Second, Fourth, Sixth and Seventh Affirmative Defenses. Plaintiff states the following in support of her motion:

**Introduction**

1. Plaintiff filed the instant action on October 25, 2018, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C §1692 *et seq*. (Dkt. #1).

2. On January 7, 2019, Defendants filed an Answer and Affirmative Defenses to Plaintiff's Complaint. (Dkt. #15).

3. Many of Defendants' affirmative defenses are not affirmative defenses at all, and thus cannot stand, as affirmative defenses, as a matter of law.

4. Where "motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay." *Neumann v. Carlson Envtl., Inc*., 429 F. Supp. 2d 946, 958, 2006 U.S. Dist.

1

LEXIS 26114, *33, 36 ELR 20081 (N.D. Ill. 2006), citing *Heller v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

5. Here, Defendants' assertion of the defenses at issue constitute clutter that Plaintiff seeks to remove so that issues may be streamlined, and so that resolution of the case may potentially be expedited. Plaintiff thus requests that the affirmative defenses referenced and identified below be stricken, for the reasons stated herein.

**Defendants' Second Defense should be stricken, as its assertion that the Plaintiff and Class *may* be contractually obligated to litigate their claims via arbitration does not constitute an affirmative defense**

6. Defendants have asserted the following as their Second affirmative defense:

Plaintiff and potentially each and every member of the putative class as defined may be contractually obligated to arbitrate any dispute, claim or controversy which arises out of the subject matter set forth in the instant litigation. (Dkt. #15, p. 32).

7. Defendants notably do not assert that Plaintiff's claims *are* subject to arbitration. Rather, they only assert that the Plaintiff and Class "*may*" be contractually obligated to arbitrate its disputes.

8. Defendants' use of the hedge word "may" signals that Defendants really do not know whether any arbitration requirement is involved. *Love v. Collection Professionals, Inc.*, No. 13 C 8551, 2014 U.S. Dist. LEXIS 60716, at *3-4 (N.D. Ill. Apr. 30, 2014) (striking affirmative defense of arbitration where defendant uses hedge word "may" on basis that such an assertion by itself lacks a good faith predicate).

9. Plaintiff's counsel has recently requested a copy of the arbitration agreement referenced by Defendants, but to date none has been provided. Plaintiff respectfully requests that the defense be stricken until or unless Defendants can in good faith assert the existence of such a provision.

**Defendants' Fourth Defense should be stricken since a failure to mitigate damages is not an affirmative defense to an FDCPA action that asserts only statutory damages**

10. Defendants have asserted the following as their Fourth affirmative defense:

The claims of plaintiff and potentially each and every member of the putative class are barred or diminished due to failure to mitigate damages. (Dkt. #15, p. 33).

11. Defendants in no way identify how Plaintiff or any member of the proposed Class failed to mitigate "statutory" damages, which in this case would have required the Plaintiff to somehow have prevented the mailing of the offending collection letter at issue by Defendants. Given the Plaintiff has asserted only statutory damages, the defense is wholly devoid of any factual predicate, and is nonsensical when considered. It is unacceptable for a party's attorney simply to "mouth" affirmative defenses in formula-like fashion—as Defendants do here—as that does not do the job of apprising opposing Plaintiff's counsel and the Court of the predicate for the claimed defense, which is the goal of notice pleading. See *State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276, 279, 2001 U.S. Dist. LEXIS 1956, *7-8 (N.D. Ill. 2001), citing *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

12. Notwithstanding the above, Courts have repeatedly found that failure to mitigate is not a defense to an award of statutory damages in an FDCPA case. *Clements v. HSBC Auto Fin., Inc.*, 2010 U.S. Dist. LEXIS 111451, *16, 2010 WL 4281697 (S.D. W. Va. Oct. 19, 2010); *Glover v. Mary Jane M. Elliott, P.C.*, Case No. 1:07-cv-648, 2007 U.S. Dist. LEXIS 73605, 2007 WL 2904050 (W.D. Mich. October 2, 2007). Simply put, a mitigation defense does not give Defendant an opportunity to suggest that the Plaintiff should have prevented the violation from occurring, and once an FDCPA violation has been established, there can be no mitigation defense where the claim is for statutory damages. Further, since the FDCPA is a federal statutory cause of action, the defenses are limited to those set out in the statute itself. *Howlett v. Rose*, 496 U.S. 356, 375 (1990) ("The elements of, and the defenses to, a federal cause of action are

defined by federal law."). Failure to mitigate is thus not an affirmative defense at all. It should thus be stricken.

**Defendant's Sixth Defense, that the claims of Plaintiff and the putative class are barred by the Voluntary Payment Doctrine, is not a defense under the FDCPA**

13. Defendants have asserted the following as their Sixth affirmative defense:

> The claims of plaintiff and/or each and every member of the putative class are barred or diminished by the voluntary payment doctrine. (Dkt. #15, p. 33).

14. Defendants again provide no factual predicate that can in any way shed light on the basis of their defense, leaving the Plaintiff to guess.

15. Notwithstanding the lack of any facts to support the defense, by operation of the Doctrine, Defendants seem to assert that because Plaintiff and the putative Class voluntarily paid money to Midland, and did not contest paying said money until this suit, Plaintiff is barred from doing so under the voluntary payment doctrine.

16. Defendants' argument fails, as the Voluntary Payment Doctrine is preempted by the FDCPA. Specifically, Section 1692n of the FDCPA provides:

> This subchapter does not annul, alter, or effect, or exempt any person subject to the provisions of this subchapter from complying with the laws of any State with respect to debt collection practices, except to the extent that those laws are inconsistent with any provision of this subchapter, and then only to the extent of inconsistency. For purpose of this section, a State law is not inconsistent with this subchapter if the protection such law affords any consumer is greater than the protection provided by this subchapter.

17. Where a State law affords less protection than would be provided by the FDCPA, the state law is preempted.

18. Clearly, the Voluntary Payment Doctrine provides less protection to consumers than does the FDCPA. Therefore, because the Voluntary Payment Doctrine provides less protection to consumers than the FDCPA, it is preempted. *Gonzalez v. Codilis & Assocs., P.C.*, No. 03 C 2883, 2004 U.S. Dist. LEXIS 5463, at *9 (N.D. Ill. Mar. 30, 2004) (finding Voluntary Payment Doctrine does not apply to FDCPA case due to preemption). This "defense" should thus

be stricken.

**Defendant's Seventh Defense should be stricken, as no legal or factual basis exists to award Defendants attorney fees and costs merely because Defendants are obligated to pay attorney fees and cost to defend the action**

19. Defendants asserted the following as their Seventh affirmative defense:

Defendants have retained attorney(s) to represent their interests and they are obligated to pay said attorney's fees related to the same. Defendants are entitled to the award of attorney's fees pursuant to 15 U.S.C. § 1692k. (Dkt. #15, p. 33).

20. The relevant provision in the FDCPA, 15 U.S.C. § 1692k, sets forth an explicit bad faith standard: A prevailing defendant is entitled to fees under that statute only if the plaintiff's action was brought in bad faith and for the purpose of harassment. 15 U.S.C. § 1692(k)(3). *Villarreal v. Snow*, No. 95 C 2484, 1997 U.S. Dist. LEXIS 2852, at *7 (N.D. Ill. Mar. 11, 1997).

21. As Defendants have failed to assert that Plaintiff brought the action in bad faith, and for the purposes of harassment, Defendants cannot seek attorney fees under the Act, section 1692k, which requires those elements to be asserted and proven. Here, Defendants seem to seek fees solely for the reason that Defendants *incurred* fees in their defense of this suit, which is not a valid basis to seek fees from Plaintiff. Further, the asserted "defense" is not a defense at all, since it in no way even purports to defeat Plaintiff's claim. This purported "defense" should thus be stricken as well.

WHEREFORE, Plaintiff and the Putative Class pray for the following:

a) That Defendants' Second, Fourth, Sixth and Seventh Affirmative Defenses be stricken;

b) For any other and further relief this Court deems just.

        Respectfully submitted,

        Darlene Vlastelica

        By: s/ *Mario Kris Kasalo*
        Attorney for Plaintiff

**The Law Office of M. Kris Kasalo, Ltd.**
20 North Clark Street, Suite 3100
Chicago, Illinois 60602
tele 312.726.6160
fax 312.698.5054
mario.kasalo@kasalolaw.com

## CERTIFICATE OF SERVICE

I, Mario Kris Kasalo, an attorney, certify that I shall cause to be served a copy of **PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES** in this case that will be served via CM/ECF on January 28, 2019 to all attorneys that have appeared herein.

By: s/ *Mario Kris Kasalo*
Attorney for Plaintiff