UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARLENE VLASTELICA, on behalf of herself and all others similarly situated, ) ) ) Plaintiff, ) ) ) Case No. 18-cv-07161 v. ) ) Hon. John Z. Lee MIDLAND CREDIT MANAGEMENT, INC., ) MIDLAND FUNDING, LLC, and ENCORE ) CAPITAL GROUP, INC., ) Magistrate Judge Jeffrey T. Gilbert ) Defendants. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO FILE AMENDED
DEFENSES AND TO STRIKE BRIEFING SCHEDULE**

Plaintiff, Darlene Vlastelica, by and through her attorneys, The Law Office of M. Kris Kasalo, Ltd, as her response to Defendants' Motion to File Amended Defenses and to Strike Briefing Schedule, states as follows:

**Introduction**

1. On Friday, February 8, 2019 at 1:17 p.m., the Court entered the following Minute Entry:

**MINUTE entry before the Honorable John Z. Lee:Defendants' motion for leave to file amended defenses [21] is stricken for failure to comply with the Court's standing orders. This Court's standing order regarding motion practice requires a movant to meet and confer prior to filing a motion, and in those instances where the motion is agreed or unopposed, the motion should so indicate. This procedure often will obviate the need for the parties to expend time and resources unnecessarily to prepare for an uncontested motion.Mailed notice(ca, )**

1

2. Thereafter, at 1:19 p.m., attorney for Defendant, Todd Stelter, sent Plaintiff's counsel an email stating "Hi. Do you oppose the motion I filed. Thanks." Exhibit A, Email from Stelter.

3. Later that day at 5:08 p.m., attorney for Plaintiff, Mario Kasalo, responded to attorney Stelter's email, proposing that Defendants provide a draft of the amended defenses so that Plaintiff may review whether the issues delineated in the motion to strike have been resolved, in an attempt to obviate the need for further motion practice on the issue. Exhibit B, Email to Stelter.

4. Instead of responding substantively to Plaintiff's email, attorney Stelter sent an email to attorney Kasalo after business close at 5:16 p.m., stating only "I am asking for 14 days to file it. Please advise whether that is opposed." Exhibit C, Email from Stelter.

5. Instead of waiting for Plaintiff's response on Monday, Defendants re-filed their Motion at 10:39 p.m. later that evening. Dkt. # 24.

6. Defendants' Motion wholly mischaracterizes Plaintiff's attempts to resolve the issue relating to the improper and/or inadequate defenses filed by Defendants. Specifically, Defendants state in their Motion as follows:

> **In one responsive email this afternoon, counsel for plaintiff indicated he would not comment on whether defendants' motion was opposed or not. A follow-up email sent to plaintiff's counsel seeking clarification of his position received no response.**

7. As evidenced in Exhibit B, Defendants' statement that Plaintiff's attorney "would not comment" on whether the motion was opposed or not is false. Dkt. # 24, ¶ 7. Plaintiff's counsel simply proposed that Defendants forward a draft answer so that a meaningful dialogue may ensue on the issues presented in the motion to strike, Dkt. #18, in an attempt to resolve the issues presented therein. Exhibit B, Email to Stelter.

8. Similarly, in support of its Motion, Defendants state that "A follow-up email sent to plaintiff's counsel seeking clarification of his position received no response." Exhibit C, Email from Stelter.

9. Defendants deceptively omit that the email to which Plaintiff made "no response" was sent by Defendant at 5:16 p.m., after business had closed. Similarly, Defendants misstate their efforts to "seek clarification", as they in no way sought "clarification" in their email to Plaintiff (Exhibit C, Email from Stelter) and they did not respond substantively to Plaintiff's proposal in its email, completely ignoring Plaintiff's attempt to come to a resolution.

10. Defendants argue that they "anticipate that their amended defenses will address, resolve and moot the issues raised in plaintiff's motion…". Dkt. # 24, ¶ 6. However, Defendants' attempt to moot Plaintiff's Motion while refusing to communicate (to Plaintiff or the Court) any of the substantive changes it has made to its previous, inadequate Answer is improper, and does not serve to foster judicial economy.

11. Based on the foregoing, Defendants' motion to file an amended answer is premature, as Defendants' attempts to meet and confer before filing the same have not been bona fide. Plaintiff thus requests that Defendants' motion be denied, and that Defendants be ordered to serve upon Plaintiff a proposed Amended Answer within 14 days so that the parties may attempt to informally resolve the issues presented in Plaintiff's Motion to Strike, Dkt. # 18, without further, unnecessary involvement of the Court.

    Respectfully submitted,

    Darlene Vlastelica

    By: s/ *Mario Kris Kasalo*
    Attorney for Plaintiff

**The Law Office of M. Kris Kasalo, Ltd.**
20 North Clark Street, Suite 3100
Chicago, Illinois 60602
tele 312.726.6160
fax 312.698.5054
mario.kasalo@kasalolaw.com

<u>**CERTIFICATE OF SERVICE**</u>

I, <u>Mario Kris Kasalo</u>, an attorney, certify that I shall cause to be served a copy of <u>**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO FILE AMENDED DEFENSES AND TO STRIKE BRIEFING SCHEDULE**</u> this case that will be served via CM/ECF on February 11, 2019 to all attorneys that have appeared herein.

By: <u>s/ *Mario Kris Kasalo*</u>
Attorney for Plaintiff